UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY PANIGHETTI, | No. 2:19-cv-0015 MCE GGH P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| J. GASTELLO, | |
| Respondent. | |

*Introduction and Summary*

Petitioner, accused of rape and forced oral copulation, pled no contest to false imprisonment and received a sentence of 32 months. This conviction is referenced as the "2003 Placer County conviction," or shortened to the "2003 conviction." Although petitioner did not appeal his guilty (or no contest) plea, he immediately began to suffer "pleader's remorse" as he commenced a long series of ultimately fruitless state habeas actions seeking to withdraw his plea.

The issue in respondent's motion to dismiss, ECF No. 15, does not involve the merits of petitioner's accusations; rather the issue centers about whether petitioner is "in custody" for

////

////

////

1

purposes of federal habeas corpus law. For the reasons set for herein, the motion should be granted.[1]

*Factual Background*

On July 28, 2003, petitioner was sentenced to 32 months (included a prior strike) for false imprisonment. ECF No. 16-1. Petitioner had entered into a plea agreement in which more serious sexual assault charges were pled down to the false imprisonment. See ECF No. 32-1. Pertinent to the current "in custody" issue:

> A restitution fine… is $400 and an additional restitution fine of $400… is stayed pending completion of parole… The period of parole shall not exceed three years, unless parole is suspended and you are returned to custody for a violation of parole. In that event, the period under parole supervision or in custody shall not exceed 12 months from the date of the initial parole.

ECF No. 16-1 at 11. Petitioner concedes that his parole term stemming from the 2003 conviction was discharged. ECF No. 21 at 5 ("I have proven with exhibit (1) which is attached that I have a current protected property interest notwithstanding the fact that the unconstitutional 32 month prison term and the four year parole term has been discharged."). However, the parties are silent as to precisely when the discharge occurred. Nevertheless, given the terms of the sentence, it is obvious that parole was discharged long before the filing of this federal petition.

As mentioned previously, petitioner did not appeal from his conviction, but filed 8 state habeas petitions commencing in 2004 with the last one filed in late 2018. Petitioner's fourth state habeas petition was denied on December 28, 2016 because petitioner was not "in custody" for the 2003 conviction. See ECF No. 16-7.

Petitioner suffered at least one further conviction in which this 2003 conviction was utilized for recidivist sentencing purposes, the "2015 Sacramento County conviction."[2] Petitioner claims that the restitution portion of the 2003 sentence had yet to be satisfied at the time he filed this federal petition. ECF No. 21 at 9, 12.

---

[1] Respondent also brought the motion to dismiss on the alternative grounds of expiration of the AEDPA statute of limitations. Because the lack of "in custody" status is clear, the court need not reach this issue.

[2] See Panighetti v. Gastelo, 2:18-cv-02015 KJM AC.

*Discussion*

"Section 2254(a)'s "in custody" requirement is jurisdictional and therefore "it is the first question we must consider." See Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir.1998) (stating the same as to 28 U.S.C. § 2241's "in custody" requirement)." Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010). Petitioner confuses his standing to bring a habeas petition challenging his 2003 conviction with the jurisdictional requirement of "in custody." He certainly alleges an injury from his supposedly invalid 2003 conviction, but federal habeas corpus requires more than ordinary standing to bring a civil action. If the law were otherwise, no state conviction would ever be final and could be challenged as long as a petitioner's lifetime.

"Custody" means more than the fact of physical incarceration. A serious restraint on petitioner's liberty, such as probation or parole status, will suffice to render a petitioner "in custody." Maleng v. Cook, 490 U.S. 488, 492 (1989). However, the mere fact that a conviction has been used to enhance a sentence on a successor crime does not mean one is "in custody" for the conviction enhancing the sentence. Id. Thus, that petitioner's 2015 sentence was enhanced because of the existence of the 2003 conviction is inconsequential to the "in custody" determination.

Nor does petitioner's belief-- that the assertedly erroneous 2003 conviction damages his reputation or future parole prospects-- reinvigorate his custody. Collateral consequences to a conviction do not suffice to place one "in custody." Wenzl v. People of the State of California, No. 06-0224-FMC MLG, 2006 WL 2917577 (C.D. Cal. June 29, 2006) (citing cases including Feldman v. Perrill, 902 F.2d 1445, 1448 (9th Cir. 1990); Maleng, supra; Spencer v. Kemna, 523 U.S. 1, 9 (1998)).

Petitioner insists that because he still must satisfy the restitution order stemming from the 2003 conviction while he is physically incarcerated for the 2015 conviction, he may challenge the 2003 conviction. This was precisely the issue in Bailey, supra, and that court refused to find petitioner in custody for that reason.

In addition, although petitioner does not attack here his 2015 conviction based on utilization of an unlawful 2003 conviction enhancement, even if he did, such an attack would be

3

futile as convictions which cannot be challenged in their own right, i.e., whose custody has expired, cannot be the subject of challenge in a subsequent case. Lackawanna Cty. Dist. Attorney v. Coss, 532 U.S. 394 (2001).[3]

Finally, petitioner's claims of actual innocence do not give the court a subject matter jurisdiction it does not otherwise have. While a claim of actual innocence may obviate an otherwise applicable AEDPA statute of limitation, this assertion does nothing to confer "in custody" status or a perpetual right to challenge convictions whose custody has long since expired.

*Certificate of Appealability*

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case.

*Conclusion*

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 15) be granted;
2. The petition for writ of habeas corpus be dismissed for lack of jurisdiction; and
3. The District Court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

---

[3] The two exceptions to the Lackawanna rule are not applicable here. Petitioner had counsel at all times during the 2003 conviction proceeding and he has never alleged that the courts refused to rule on claims of actual innocence that he diligently brought before the state courts. See Holden v. Marquez, No. 3:06-CV-00093TMB, 2007 WL 485209, at *4-5 (D. Alaska Feb. 12, 2007). Moreover, even if he could so allege, that argument would be made in Case No. 2:18-cv-02015 KJM AC, the subject of which is the 2015 conviction.

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 23, 2019

<u>/s/ Gregory G. Hollows</u><br>UNITED STATES MAGISTRATE JUDGE